# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-0346V**
(not to be published)

| | |
|---|---|
| CYNTHIA RUBLAITUS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 20, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Administrative Time; Excessive Billing |

*Michael G. McLaren, Black McLaren et al., P.C., Memphis, TN, for Petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On March 6, 2019, Cynthia Rublaitus filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration caused by an October 2, 2017 influenza vaccine. (Petition at 1). The matter was assigned to the SPU, and on February 20, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 26).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 21, 2020, Petitioner filed a motion for attorney's fees and costs. (ECF No. 32, Petitioner's Application for Fees and Expenses ("Fees App.")). A decision was originally issued on July 20, 2020, wherein I found it necessary to reduce the amount requested in both fees and costs. Petitioner moved for reconsideration of the decision on attorneys' fees and costs that same day. (Motion for Reconsideration ECF No. 36 ("Motion")). I granted the motion and withdrew the original decision on August 14, 2020. (ECF No. 37). I now hereby issue a revised fees award in light of Petitioner's arguments on reconsideration.

## I. Relevant Procedural History

Petitioner's original motion for attorney's fees and costs requested a total award of $27,942.54 (representing $24,770.60 in fees and $3,171.94 in costs). (Fees App. at 1). In accordance with General Order No. 9, Petitioner also offered a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 63-3). That same day, Respondent reacted to the motion, deferring to my discretion in determining the amount to be awarded. (ECF No. 33). Petitioner did not file a reply.

Before I had ruled on the Fees Request, Petitioner filed a status report on July 9, 2020, reducing the requested amount. (ECF No. 34, Status Report Updating Court on Claimed Fees/Expenses ("Status Report")). Petitioner stated that, in light of recent SPU decisions involving current counsel, she had attempted to cut duplicative and administrative billing and also to adhere to previous travel and expense billing guidance. (Status Report at 1). Petitioner further modified her request for fees and expenses to reflect a 50% reduction in "airfare related to a non-first class, but expensive, coach itinerary," (*Id.*) and also voluntarily reduced the amount requested for car service from the airport (since other SPU decisions have criticized counsel for using a luxury-level service). The new amount requested totaled $27,367.54 for fees and costs – and approximately $600.00 reduction. (Status Report at 2).

Despite the foregoing, I issued a fees decision on July 20, 2020, wherein I found it necessary to reduce the amount requested in fees and costs. Regarding the costs, I found that two items were excessive and thus not reimbursed at all: first class airfare and costs associated with the car service. These items were cut based upon my determination that counsel had ignored prior warnings not to overcharge in fees and costs requests for these cost components.

Petitioner filed a Motion to Reconsider on July 20, 2020, asking me to revise my fees decision, and instead to award the costs of the airfare and the luxury taxi service.

(Motion at 4). Petitioner argued that my decision made two mistakes: it denied in the entirety the cost of airfare and the cost of a car service. Motion at 3. Petitioner argued this was in error because counsel did not purchase first-class airfare, but merely an expensive coach ticket. Further, Petitioner modified her request for expenses to reflect a 50% reduction in both the airfare and the car service. (Motion at 1 (stating "Petitioner filed a Status Report supplementing and updating the nature of her fees and costs requests on July 9, 2020.")).

I granted Petitioner's motion on August 14, 2020, finding that the interests of justice support reconsidering my fee decision, and I withdrew that decision. (ECF No. 37).

## II. ANALYSIS

### A. Relevant Legal Standards

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**B. ATTORNEY FEES**

1. Hourly Rates

I have reviewed the rates requested for the work of the various attorneys and legal staff involved in this case. The billing invoices indicate that most of the time billed was performed by Christopher Webb, plus some law clerks and paralegals. (ECF No. 63-2 at 55). All rates requested for time billed to the matter in 2018 or 2019 are consistent with what has been allowed for Mr. Webb in prior cases, and are therefore awarded here as well. In addition, for time billed in 2020, Mr. Webb is requesting an increased rate of $351.00 per hour. Based on my experience and applying the rate schedules utilized at OSM, I find the requested increase is reasonable and award it herein.

Petitioner also requests rates ranging from $153.00 per hour to $160.00 per hour for work performed by paralegals and law clerks. (*Id.*) The rates requested for all parties are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2020 and are therefore adopted herein.

2. Billing for Duplicative and/or Administrative Tasks

Although the rates requested herein are subject to no change (or even increases in some cases), the *time* billed to this case is another matter.

Special masters have previously reduced attorney's fees awards due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have specifically noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The attorneys at Black McLaren (Mr. Webb's law firm) have in particular had their requests for attorney's fees reduced for excessive and duplicate billing. *See,* e.g., *Wagner v. Sec'y of Health & Human Servs.,* No. 17-0407V, 2019WL4303281 (Fed. Cl. Spec. Mstr. June 28, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019).

Petitioner's counsel stated that he originally reviewed the time entries in detail in an attempt to cut duplicative and administrative billing. (Status Report at 1). Despite those

efforts, I find several instances in which the requested fees are excessive and/or duplicative. For example, there were several instances in which multiple attorneys and staff members reviewed the same documents and filings. Examples of these include:

- October 3, 2017 SRW (0.10 hrs) "Receive/Review and note notice of assignment to Chief Special Master Dorsey"; CJW (0.10 hrs) "Receive, review and note notice of assignment to Special Master";

- July 8, 2018 (0.20 hrs) CJW "Receive, review and note minute entry filed by court"; July 9, 2019 (0.10) SNP "Receive, review and note minute entry from court and scheduling order"; and

- January 8, 2020 CJW (0.10 hrs) "Receive, review, note scheduling order; November 20, 2018 MGM (0.10 hrs) "Receive, note contents, review and analyze scheduling order."

(ECF No. 32-2 at 38, 40 and 43).[3] Accordingly, such duplicative billing is unnecessary and provides grounds for reducing the fees awarded.

A number of entries in the billing records also reflect work performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Examples of these include:

- October 5, 2018 (0.20 hrs) "Set up new file; calendar statute of limitations date; update spreadsheet";

- November 2, 2018 (0.20 hrs) "Oversee records collection";

- November 19, 2018 (0.10 hrs) "Receipt and review of additional copy of invoice from Orthopedic Associates"; and

[3] These are merely examples and not an exhaustive list.

- November 20, 2018 (0.10 hrs) "Submit invoice for payment for medical records from Washington University Physicians – Urology";

(ECF No. 32-2 at 32 – 34).

Based upon the above, and pursuant to my authority to make across-the-board reductions in fees to be awarded when appropriate, I reduce the requested amount of attorney's fees to be awarded in the amount of *ten percent*, for a total reduction of **$2,477.06.**

### C. ATTORNEY COSTS

Petitioner seeks $3,171.94 in attorney's costs that include expenses associated with travel, medical records, postage, and filing. (Fees App. at 1). Upon my review of the receipts submitted for travel, I find multiple problems regarding the amount of costs requested for reimbursement specifically regarding the costs for airfare and a car service. All travel was billed by Mr. Webb, who has had previous requests for costs reduced for the same reasons.[4]

1. Airfare Costs

The submitted cost substantiation indicates that Mr. Webb booked a flight from Memphis, TN to St. Louis, MO from March 18 – 20, 2018, for his meeting with Petitioner, at a cost of $1,150.00. (ECF No. 32-2 at 14). Counsel attempts to justify this expense by stating he researched available fares "almost 2 weeks out and the best available coach fare was $1,150.00." (Fees App. At 6). Petitioner further states that he was unable to locate a cheaper coach or first-class fare at alternate times, but also that the dates selected were the ones that worked best for Petitioner and counsel, "thus the extra cost was necessary." (*Id.*).

[4] Black McLaren has had requests for attorney's costs previously reduced for excessive airfare and other "luxury" costs in multiple cases, including but not limited to, *Digerolamo v. Se'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019) (reducing costs for first-class airfare, expensive meals, luxury hotel accommodations, and luxury car services); *Hiatt v. Sec'y of Health & Human Servs.,* No. 16-1467V, 2019 WL 4305795 (Fed. Cl. Spec. Mstr. June 28, 2019) (reducing costs for first class airfare and luxury car services); *Spivey v. Sec'y of Health & Human Servs.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019) (reducing costs for first class airfare and luxury car services); *Changkiendee v. Sec'y of Health & Human Servs.,* No. 17-1612V, 2020 WL 4198746 (Fed. Cl. Spec. Mstr. May 8, 2020) (reducing compensation for first-class airfare and luxury car services) and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 at *3 (Fed. Cl. Spec. Mstr. Dec. 12, 2019) (denying compensation for first-class airfare).

Petitioner bears the burden in establish the reasonableness of costs at all times. Here, there is no evidence that the extra cost was necessary other than counsel's argument that those dates were simply more convenient. Accordingly, Petitioner did not adequately justify this cost.

Counsel in this case has been *repeatedly* warned not to seek to bill the Vaccine Program for expensive travel - but continues to do so. *See, e.g.*, *Spivey v. Sec'y of Health & Human Servs.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019) (denying compensation for first-class airfare); *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 at *3 (Fed. Cl. Spec. Mstr. Dec. 12, 2019) (denying compensation for first-class airfare and noting that Mr. Webb has specifically been cautioned against such expenses); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 at *4 (Fed. Cl. Spec. Mstr. Jun. 28, 2019) (denying compensation for first-class airfare and "extravagant meals for himself"). Counsel has also been previously informed that if he continues to seek reimbursement for expensive travel costs, they would be denied in their entirety. *See Robinson v. Sec'y of Health & Human Servs.,* No. 18-1134V, Slip. Op. 46 (Fed. Cl. Spec. Mstr. May 8, 2020). It was for this reason that my initial fees decision denied any recovery for airfare in this case.

Counsel later attempted to modify this request by proposing a 50 percent reduction of the cost sought for that airfare in a status report nearly three months after filing the application for fees and costs. (Status Report at 2). I recognize counsel's attempt to address a consistent concern, expensive travel costs, but a status report is not the correct means for revising a prior fees request. In the future, Petitioner must submit revised motions for costs, and continue to substantiate any costs they seek **at the time they are requested** – and not after I have made a decision (since special masters are empowered to make reductions in fees and costs *sua sponte*). Attorney argument regarding the reasonableness of expensive airfare is inadequate and, without more, will result in repeated denials of requests for costs.

Nevertheless, I am cognizant of the fact that counsel in this case routinely provides good service to its Vaccine Program clients, and while my determination to withhold this element of costs was based on reasonable considerations, I do not seek to penalize counsel in this matter simply for the sake of doing so. Accordingly, I find that good cause exists for reconsideration of my prior determination, and that it is in the interests of justice to revise my original fees decision.

To that end, I GRANT the request for 50 percent reimbursement of the airfare cost, as proposed in the Status Report. This reduces the reimbursable costs by **$575.00**.

2. Car Service Costs

Mr. Webb utilized the car service Uber Black as transportation from the airport to his hotel, resulting in a charge of $77.35. (ECF No. 32-2 at 21-23). While car transportation costs are generally compensable, Uber Black is a luxury version of Uber's service that exceeds what is reasonable under the Vaccine Program. The attorneys of Black McLaren have previously had costs reduced for using these services. *See,* e.g., *Wright,* 2018 WL 7051676 at * 6; *Digerolamo,* 2019 WL 4305792, at *5; *Spivey,* 2019 WL 7580151 at *3; and *Lepper,* 2019 WL 7580152, at *3. Mr. Webb provide a note on the invoice claiming this service was the only option "without an extensive wait." (ECF No. 32-2 at 21).

Mr. Webb and the attorneys of Black McLaren have previously been made aware that luxury car service costs are not reimbursable by the Vaccine Program. Further, using a more expensive service to avoid a wait is not adequate justification. Counsel must therefore avoid including this cost in future fees requests – and should expect going forward that it will be denied in its entirety if my admonition is disregarded.

Nevertheless, and for the same reason I have opted to accept Petitioner's proposed resolution of the disputed airfare, I will also embrace Petitioner's request that I compensate this cost item at 50 percent of its total. I also recognize that counsel made this reduction in the Combined expenses and fee bill accompanying her fee application (ECF No. 32-2 at 48 (noting the $77.35 Uber charged was billed at 50%). Therefore, no further reduction is needed.

## III. CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$24,890.48** (representing $22,293.54 in fees, and $2,596.94 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                                           **s/Brian H. Corcoran**
                                                           Brian H. Corcoran
                                                           Chief Special Master